64 August 5, 2026 No. 745

***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

CLAYTON ROY MELLING,
*Defendant-Appellant.*

Jackson County Circuit Court
23CR51893; A186992

Paul D. Moser, Judge pro tempore.

Submitted June 12, 2026.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and James Brewer, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Dan Rayfield, Attorney General, Paul L. Smith, Solicitor General, and Kyleigh Gray, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Chief Judge, and Egan, Judge.*

EGAN, J.

Affirmed.

_____
* Determined by a two-judge department as authorized by ORS 2.570(2)(b).

**EGAN, J.**

Defendant appeals a judgment of conviction for driving under the influence of intoxicants, reckless driving, and second-degree disorderly conduct. He assigns error to the trial court's decision to give the uniform instruction on "reasonable doubt" (UCrJI 1009) rather than defendant's proposed instruction. We affirm.

Defendant was tried by a jury. During discussions about jury instructions, defendant requested a special instruction on the presumption of innocence and the reasonable doubt standard. The trial court considered the special instruction to be "accurate." The state objected to the instruction as "unnecessarily confusing" and "duplicative of the uniform instruction." The trial court opted to give the uniform instruction. "[E]ven though I don't think it is an inaccurate statement, I think it is somewhat duplicative, and I am not sure it is as complete a statement as what is in the standard instruction, so I am going to go with the standard instruction on that."

"A defendant is entitled to a requested jury instruction if the instruction correctly states the law and is supported by sufficient evidence in the record." *State v. Moreno*, 287 Or App 205, 209, 402 P3d 767 (2017). We generally review the denial of a party's request for a particular jury instruction for errors of law. However, we review a trial court's "choice among requested jury instructions that supply the same information for abuse of discretion." *State v. Moore*, 324 Or 396, 427, 927 P2d 1073 (1996). "[E]ven if a requested instruction correctly states the law, a trial court need not deliver it if the issue is adequately covered by other instructions." *State v. Thomas*, 324 Or App 114, 120, 524 P3d 969 (2023). Concerning the definition of reasonable doubt specifically, the Supreme Court has held that trial courts are not obligated to give any particular definition, and a reviewing court will find error only if the instruction given affirmatively "misleads the jury to believe that it can convict on a lesser degree of proof than that required." *See State v. Williams*, 313 Or 19, 38-39, 828 P2d 1006, *cert den*, 506 US 858 (1992) ("Unless a reasonable doubt instruction misleads the jury to believe that it can convict on a lesser

degree of proof than that required, the court will not find error.”).

Here, the uniform instruction adequately covered the same subject matter and did not affirmatively mislead the jury as to the degree of proof required. Accordingly, we affirm.

Affirmed.